UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | | |
|---|---|---|
| STEPHANIE M. ALDRIDGE<br>105 Sugarwood Lane<br>Frankfort, KY  40601 | )<br>)<br>) | |
| Plaintiff | ) | |
| VS. | ) | CIVIL ACTION NO: |
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>P.O. Box 13480<br>Philadelphia, PA 19176 | )<br>)<br>)<br>) | COMPLAINT |
| Defendant | ) | |
| SERVE:   C T Corporation System<br>600 North 2nd Street<br>Suite 401<br>Harrisburg, Pennsylvania 17101 | )<br>)<br>)<br>) | |

Now comes the Plaintiff, Stephanie M. Aldridge, by and through counsel, and hereby states as follows for her Complaint:

## PARTIES

1.  Plaintiff, Stephanie M. Aldridge, is a citizen of the Commonwealth of Kentucky and a resident of Franklin County, Kentucky.

2.  Defendant, The Prudential Insurance Company of America ("Prudential"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

3.  The Defendant transacted business in Franklin County, Kentucky and the claims herein arose in Franklin County, Kentucky.

## BACKGROUND/FACTS

4. At all times relevant hereto, Plaintiff had been employed by Kentucky School Board Association for over 20 years.

5. During Plaintiff's years of employment at Kentucky School Board Association, she has demonstrated more than competent job performance, garnering excellent reviews from her supervisors and co-workers in every position held with the Company. Her reviews demonstrate that Plaintiff was an excellent worker, was diligent in the performance of complex tasks and went well above and beyond her expectations in every position held with Kentucky School Board Association. Plaintiff was employed with the Kentucky School Board Association for twenty (20) years. The Plaintiff became unable to work on December 3, 2014 when she was hit from behind while traveling for the Kentucky School Board Association.

6. Plaintiff was a dedicated employee and was considered by every supervisor to whom she reported to be one of Kentucky School Board Association valued employees. She distinguished herself in the performance of highly specialized and complex work, as a result of her work ethic and attention to detail. She gave the highest priority to the performance of her job duties, enabling her to earn the praise and appreciation of supervisors and co-workers.

7. Her position as Manager of School Based Health Service with Kentucky School Board Association is a highly complex position, requiring strong concentration and attention to detail. Her duties required:

- Frequent standing;
- Frequent walking;
- Lift/carry/push/pull up to 20 pounds;
- Frequent driving; and
- Frequent traveling.

8. Prior to the accident on December 3, 2014, Plaintiff was healthy and was on no medications. She had a very active life playing softball, coaching her children in their sports, boating and traveling while managing a demanding career among other things.

9. Plaintiff's life changed when she on December 3, 2014 when she was stopped at a stoplight and was rear-ended by a Ford dually pick-up truck traveling approximately 60 miles per hour.

10. Plaintiff sustained severe injuries from the accident, including but not limited to, the following:

    A. crushed right knee which required multiple surgeries and possible future surgeries;

    B. Ongoing seizures;

    C. Shoulder injury which required surgery;

    D. Severe whiplash;

    E. Injured left ankle;

    F. Left hip bursitis and IT band issues on the left;

    G. Traumatic brain injury; and

    H. Cognitive impairment.

As a result of these injuries, Plaintiff was severely impaired and unable to work. She was impaired in her ability to bend, to care for herself, to concentrate, to eat, to lift, to read, to see, to sleep, to speak, to stand, to think, to walk, and to work. She was unable to perform any of her job functions, as she had a total inability to concentrate. No job modifications would enable her to perform her job, due to her severe, incapacitating headaches, post traumatic fibromyalgia, chronic pain, depression, cognitive impairment, seizures, chronic ringing in her ears, eye fluttering,

insomnia, speech therapy, occupational therapy and psychotherapy visits along with the medication side effects and the extensive medical appointments required.

11. Plaintiff's neurologist, Dr. Warren Chumley, made the following assessment on January 31, 2017 as follows:

1. TBI (traumatic brain injury
2. Headache
3. Tinnitus
4. Memory loss
5. Weakness
6. PTSD (post-traumatic stress disorder)
7. Aviaminosis
8. Hair loss
9. Balance Disorder
10. Seizure, convulsive

12. Despite the submission of extensive medical records evidencing significant medical treatment for severe ongoing impairments, Defendants, Prudential, denied Plaintiff's Long-Term Disability benefits effective November 1, 2015 by letter dated December 23, 2015.

13. During the appellate review, a medical file review was conducted a physician board certified in Occupation Medicine, who concluded the available medical documentation supported continued restriction in her ability to stand/walk. As a result of that opinion, Plaintiff's claim was reopened and her benefits were reinstated via letter dated October 5, 2016.

14. Defendant Prudential continued to pay benefits until March 5, 2017.

15. Plaintiff timely filed an appeal regarding the termination of benefits. As a result of said appeal, the decision to terminate benefits was upheld with an explanation letter dated October 19, 2017.

16. Plaintiff timely filed a final appeal and Defendant Prudential upheld its decision to terminate benefits effective March 5, 2017. A final decision letter dated May 29, 2018 indicated that this matter cannot be appealed further to Prudential.

17. Plaintiff's medical records demonstrate Plaintiff's ongoing disability, which rendered her incapable of employment.

18. In addition, the medical records demonstrate that Plaintiff suffers from depression and anxiety.

## JURISDICTION AND VENUE

19. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 28 U.S.C. §1001-1461 (ERISA) and federal common law created and existing pursuant to ERISA.

20. Jurisdiction over this action is proper under ERISA 29 U.S.C. §1132 and 29 U.S.C. §1331, Federal question jurisdiction.

21. Venue is proper in this Court pursuant to ERISA, 29 U.S.C. §1132(e), because the Plan is administered in this District and the breach of the terms of the Plan took place in this District.

22. Plaintiff has exhausted all levels of administrative appeal of the decision denying benefits.

## COUNT I - ERISA

23. Plaintiff incorporates herein, as if fully set out, Paragraphs 1 through 22 of this Complaint.

24. The LTD plan issued by Defendant constitutes an "Employee Welfare Benefit Plan" and "Welfare Plan" as those terms are defined by 29 U.S.C. §1002(1).

25. Kentucky School Board Association was Plaintiff's "employer" as that term is defined by 29 U.S.C. §1002(f).

26. Plaintiff is an "employee" and a "participant" in the Plan as those terms are defined by 29 U.S.C. §1002(6)-(7).

27. Defendant is a "party in interest" as that term is defined by 29 U.S.C. §1002(14). Defendant also acts as the "administrator" of that Plan as that term is defined by 29 U.S.C. §1002(16)(a).

28. Defendants exercise authority and control respecting management of the Plan and have authority and responsibility in the administration of the Plan. As such, each Defendant is a "fiduciary" as that term is defined by 29 U.S.C. §1002(21).

29. Pursuant to 29 U.S.C. §1104(a)(1)(d), each Defendant possesses a fiduciary obligation to Plaintiff to discharge their duties with respect to the Plan and in accordance with the Plan documents and the instruments governing the Plaintiff.

30. Defendants violated 29 U.S.C. §1104(a)(1)(d) by improperly denying Plaintiff his LTD benefits.

31. As a direct and proximate result of Defendants' improper denial, Plaintiff has been damaged in an amount to be determined at trial, has incurred attorney's fees and is entitled to an Order awarding him such benefits.

## COUNT II - ERISA

32. Plaintiff incorporates herein, as if fully set out, Paragraphs 1 through 31 of this Complaint.

33. Defendants wrongfully denied benefits under the policy to which Plaintiff is entitled.

WHEREFORE, Plaintiffs prays for judgment against Defendants, jointly and severally as follows:

A.  For an Order directing Defendant to provide Plaintiff with a true and accurate copy of the entire contents of any and all files and documents which Defendants, or any Plan Administrator, in any way gathered, utilized or had access to, the time concerning the claims by Plaintiff for Long Term Disability benefits as described herein, including without limitation, the Plan Description, Summary Plan Description, Pan Administrator's file, applications and other documents, submitted by Plaintiff, medical records, vocational reports and other evidence available to the Plan Administrator and/or Trustees, including interoffice memoranda, internal documents, correspondence and notices;

B.  For a Declaratory Judgment adjudging that Plaintiff is entitled to Long Term Disability benefits, and for a money judgment for all benefits due under the Plan to Plaintiff from the date of Plaintiff's entitlement to the date of such judgment, including pre-judgment and post-judgment interest on such benefits;

C.  For an injunction directing Defendants to pay to Plaintiff all future disability benefits as they become due after entry of judgment;

D.  For an order of restitution;

E.  For reasonable attorney's fees and costs incurred herein pursuant to 29 U.S.C. §1132(g); and

F.  For any and all legal or equitable relief as the Court deems appropriate pursuant to 29 U.S.C. §1132(g)(e).

Respectfully submitted,

/s/ C. Ed Massey
C. Ed Massey          KBA #84700
Blankenship, Massey & Associates, PLLC
504 Erlanger Road
Erlanger, KY  41018
(859) 426-9000
cedmassey@nkylawyers.com
***Attorney for Plaintiff, Stephanie Aldridge***

8